IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARTLETT HOLDINGS, INC., BHI ENERGY I POWER SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> KORY LANE and PRIMORIS SERVICES CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 21-1018-RGA-JLH ) ) ) ) ) ) |

## **MEMORANDUM ORDER**

This is the Court's ruling on Defendants Kory Lane and Primoris Services Corporation's Motion to Transfer the Case to the Middle District of Florida. (D.I. 10.) For the reasons stated below, Defendants' motion will be DENIED.

1. On July 13, 2021, Plaintiffs Bartlett Holdings, Inc. and BHI Energy I Power Services, LLC (collectively, "BHI" or "Plaintiffs") filed this action against former employee, Kory Lane, and Lane's current employer, Primoris Services Corp. (D.I. 1.) BHI filed an amended complaint on August 30, 2021. (D.I. 13.) The amended complaint alleges counts against Lane for trade secret misappropriation, breach of fiduciary duty, breach of employee duty of loyalty, and breaches of contract, as well as a single count against Primoris for tortious interference with contract.

2. Plaintiffs are both Delaware companies. (D.I. 13 ¶¶ 1-2.) Defendant Lane is a resident of Florida and has lived and worked in Florida at all relevant times. (*Id.* ¶ 4.) Defendant Primoris is a Delaware corporation with its principal place of business in Dallas, Texas. (*Id.* ¶ 6.)

3. Lane was employed by BHI from August 2020 to April 2021. During the course of his employment with BHI, Lane executed a Non-Compete, Non-Solicitation and Non-

Disclosure Agreement (the "Non-Compete Agreement") (*id.* ¶ 20) and an Incentive Unit Grant Agreement (the "Incentive Agreement") (*id.* ¶ 27). The agreements contain non-competition, non-solicitation, and confidentiality provisions. (*Id.* ¶ 28.) The Non-Compete Agreement states that it "shall be governed by the laws of the State of Florida"; there is no forum-selection clause. The Incentive Agreement contains a Delaware choice of law provision, and it also has a forum-selection clause:

> Executive further agrees that any dispute arising from or relating to this Agreement shall be brought exclusively in the Court of Chancery of the State of Delaware (the "Court of Chancery") or, to the extent the Court of Chancery does not have subject matter jurisdiction, the United States District Court for the District of Delaware and the appellate courts having jurisdiction of appeals in such courts (the "Delaware Federal Court") or, to the extent neither the Court of Chancery nor the Delaware Federal Court has subject matter jurisdiction, the Superior Court of the State of Delaware (the "Chosen Courts"), and, solely with respect to any such action (i) irrevocably submits to the exclusive jurisdiction of the Chosen Courts, (ii) waives any objection to laying venue in any such action in the Chosen Courts, (iii) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any party hereto and (iv) agrees that service of process upon such party in any such action shall be effective if notice is given in accordance with Section 10.

(D.I. 13, Ex. C ¶ 11(g).)

4. BHI alleges, among other things, that Lane misappropriated BHI's trade secrets and breached the Non-Compete and Incentive Agreements. Primoris (Lane's current employer) is not a party to those agreements, but BHI alleges that Primoris induced Lane's breaches. All of the challenged conduct is alleged to have occurred in Florida.

5. On August 11, 2021, Defendants moved to transfer this entire action to the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). (D.I. 10.) That statute provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no dispute that this action could have been brought in the Middle District of Florida. There is also no dispute over the validity and enforceability of the Incentive Agreement's Delaware forum-selection clause as to Defendant Lane. Further, there appears to be no dispute that Defendant Primoris is not bound by the forum-selection clause.

6. In *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 403-04 (3d Cir. 2017), the Third Circuit prescribed a four-step inquiry that district courts should "consider in sequence" to determine whether transfer is appropriate in a case, like this, where some but not all defendants are bound by a forum-selection clause. Defendants Lane and Primoris—the parties seeking transfer here—did not cite *Howmedica*, much less explain how application of the four steps should result in transfer of BHI's claims against either or both Defendants. Having independently considered the four steps in light of the arguments made by the parties, I conclude that they do not weigh in favor of transfer of claims against either or both defendants.

7. Step One requires the Court to consider the forum selection clause and assume that the claims against Lane that implicate the Incentive Agreement (at a minimum) should be litigated in Delaware. *Id.* at 404.

8. Step Two requires the Court to examine the private and public interests relevant to Primoris (a non-party to the forum-selection agreement).[1] *Id.* Primoris has not argued that its

---

[1] Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the Third Circuit in *Jumara* identified twelve interests "protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Six of those interests are private:
> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and

3

private interests weigh in favor of transfer. Primoris does argue that the public interests weigh in favor of transfer. I disagree.

9. "[T]he public interest in the enforceability of the judgment is not concerned with the *convenience* with which the parties may obtain a judgment; rather, this factor concerns whether a judgment is *capable* of being enforced at all." *Howmedica*, 867 F.3d at 406 n.10 (emphasis in original). Because a judgment in either the District of Delaware or the Middle District of Florida would be equally enforceable against Primoris, that factor is neutral.

10. The next factor is the practical considerations that could make the trial easy, expeditious, or inexpensive. For purposes of the argument only, I'll assume that this factor favors transfer as to the claims against Primoris.[2]

11. The third public interest factor is the relative administrative difficulty of proceeding in the fora. This factor is neutral.

12. The next public interest factor is the local interest in deciding local controversies at home. Both Delaware and Florida have interests that may be implicated in this case. Florida has an interest in overseeing and enforcing injunctions restricting the right of its residents to work,

---

    financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
*Id.* (citations omitted). The other six interests are public in nature:
    [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.
*Id.* at 879-880.

[2] Primoris suggests that it lacks the ability to subpoena "key" witnesses for trial in Delaware. On this record, I'm not persuaded.

protecting the business interests of those companies that operate in the state, and enforcing agreements involving Florida law.[3] But Delaware also has an interest in resolving disputes between Delaware companies, as well as deciding claims concerning employment agreements that are governed by Delaware law. At best, this factor weighs slightly in favor of transfer.

13. The fifth public interest factor is the public policy of the respective fora. BHI argues that Delaware public policy supports the resolution of disputes between Delaware companies in Delaware courts. Primoris argues that Florida "likely" has a strong interest in ensuring that the Non-Compete Agreement (which Primoris says is governed by Florida law[4]) is enforced in a way consistent with Florida's pro-business approach. (D.I. 11 at 7.) I find this factor neutral.

14. The final factor, familiarity with applicable state law, is neutral.[5] In sum, the public interest factors, at best, weigh slightly in favor of transfer with respect to the claims against Primoris.

15. Step Three requires the Court to consider threshold issues related to severance, including whether the non-contracting party is subject to jurisdiction here. Primoris is subject to jurisdiction here, as it is a Delaware corporation.

16. At Step Four, the Court must "determine whether it should retain the case in its entirety, transfer the case in its entirety, or sever certain parties or claims in favor of another

---

[3] The parties dispute whether the Incentive Agreement's Delaware choice of law provision supersedes the Florida choice of law provision in the Non-Compete Agreement. Resolution of that dispute is not material to the Court's ruling on the pending motion to transfer, as the Court will assume for purposes of the argument that the claims involve issues of both Delaware and Florida law.

[4] *See* n.3, *supra*.

[5] *See* n.3, *supra*.

forum," in view of "two key sets of interests": (1) "efficiency interests in avoiding duplicative litigation . . . taking into account case management techniques that can reduce inefficiencies accompanying severance, . . . as well as any other public interests that may weigh against enforcing a forum selection clause"; and (2) "the non-contracting parties' private interests and any prejudice that a particular transfer decision would cause with respect to those interests." *Id*. at 405.  In exercising its discretion, the Court should "consider[] the nature of any interests weighing against enforcement of any forum-selection clause; the relative number of non-contracting parties to contracting parties; and the non-contracting parties' relative resources, keeping in mind any jurisdiction, venue, or joinder defects that the court must resolve.  Only if it determines that the strong public interest in upholding the contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests can the court, at this fourth step, decline to enforce a valid forum-selection clause." *Id*.

17. For many of the same reasons as discussed above, I do not think the relevant factors outweigh enforcing the forum-selection clause as to Lane, and I conclude that the claims against Lane should stay here.  Lane's public interest argument focuses on the fact that most of the witnesses and evidence are in Florida.  However, any burden associated with bringing witnesses or evidence to this forum reflects the parties' private interests which I am not to consider when an enforceable forum-selection clause is applicable. *See Howmedica*, 867 F.3d at 402 n.7 ("To the extent we recognized the 'practical considerations that could make the trial easy, expeditious, or inexpensive' as a public interest in *Jumara*, 55 F.3d at 879, we did so with judicial economy considerations in mind, as those particular practical considerations constitute a public interest, while practical considerations that might burden the parties constitute a private interest.").  While Primoris's private interests might weigh slightly in favor of transferring the whole case, the record

6

doesn't address Primoris's private interests, and, given its status as a Delaware corporation, I don't think it is particularly prejudiced by litigating in Delaware.

18. As between keeping the claims against Primoris here (with the case against Lane), or severing the claims against Primoris and transferring them to Florida, the Court concludes in its discretion that they should stay here. As an initial matter, Primoris has not requested that the Court sever and transfer only the claims against it, and I would consider any such request waived. Moreover, efficiency interests support keeping the claims together for purposes of discovery and trial. Given the nature of the claims, it would not be efficient or logical to sever this action and have it proceed in two separate jurisdictions against the two defendants.

19. Accordingly, Defendants' motion to transfer is DENIED.

Dated: September 30, 2021

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge